## G. W. SLAUGHTER v. WM. A. LOONEY.

**War—Military Authority.**

> One taking property, without compensation to the owner, acting under a superior officer, can not excuse himself on the ground that he was acting in obedience to orders actual or constructive, unless it was under coercion.

APPEAL FROM CALLOWAY CIRCUIT COURT.

September 9, 1871.

OPINION OF THE COURT BY JUDGE HARDIN:

Neither the pleadings nor the evidence presented any question as to the existence of a public or military necessity for the taking and appropriation by the appellant of the mare in controversy to the public use; hence there was no reason for giving any instruction on that question. Nor was it proper to instruct the jury, if there had been any evidence to authorize the conclusion that appellee took the mare under the orders of a superior officers, that such orders protected him from responsibility in any event. If the mare was the private property of the appellant, and not the subject of capture, as being used in the war by an antagonist enemy, and the appellee, though acting in a military service of the United States, took her without compensation to the owner, and without his consent, there being no military necessity for doing so, he

could not excuse himself on the ground that he acted in obedience to orders, actual or constructive, unless the power under which he acted amounted to coercion, and forced him to do what he did; for, as a general rule, an unlawful act can not be justified or excused by unlawful command to do it. Therefore, according to the facts disclosed in this record, the appellee could only have excused himself for taking and appropriating, or causing to be appropriated the mare ridden by Jackson Slaughter, on the ground that she was captured by Slaughter, being used by him in the service of the army in the war against the United States (Hague vs. Penn, 3 Bush 663, and authorities there cited).

Wherefore, the instructions and rulings of the court being inconsistent with the foregoing views of the law of the case, the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.

*Brown & Miller,* for appellant.